**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Douglas Nordstrom,<br>    Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>    Respondents. | No. CV-20-00248-TUC-RCC<br>**ORDER**<br><u>DEATH PENALTY CASE</u> |

Before the Court is Petitioner Scott Nordstrom's Motion for a Stay. (Doc. 91.) Pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), Nordstrom asks the Court to stay these habeas proceedings so he can return to state court to exhaust a claim of ineffective assistance of trial counsel and a claim under *Simmons v. South Carolina*, 512 U.S. 154 (1994), and *Cruz v. Arizona*, 598 U.S. 17 (2023). Respondents oppose a stay. (Doc. 94.)

**I. BACKGROUND**

In 1996, Nordstrom and Robert Jones shot and killed six people over the course of two robberies in Tucson. *State v. Nordstrom*, 280 P.3d 1244, 1247 (Ariz. 2012). Nordstrom's brother David acted as the getaway driver in the first robbery. *Id.* He and Nordstrom were arrested but David entered a plea agreement that required him to testify at Nordstrom's trial. *Id.* The jury found Nordstrom guilty of two counts of premeditated murder and four counts of felony murder. *Id.* The trial court found three aggravating circumstances: prior conviction of another offense punishable by life imprisonment or

death, pecuniary gain, and multiple homicides. *Id.* The court sentenced Nordstrom to death. The Arizona Supreme Court affirmed the convictions and sentences. *Id.*

Before the Arizona Supreme Court issued its mandate, the United States Supreme Court decided *Ring v. Arizona*, 536 U.S. 584 (2002). The Arizona Supreme Court vacated Nordstrom's death sentences and remanded for resentencing. *Id.* The State withdrew the pecuniary gain and multiple homicide aggravating factors and did not seek death on the felony murder convictions. *Id.* At the new sentencing hearing, Nordstrom waived mitigation. *Id.* The jury sentenced him to death on the two premeditated murder convictions. *Id.* The Arizona Supreme Court affirmed. *Id.* at 1253– 54.

After unsuccessfully pursuing post-conviction relief ("PCR") in state court, Nordstrom filed a petition for writ of habeas corpus in this Court on April 27, 2021. (Doc. 49.) He filed an amended petition on September 23, 2022. (Doc. 66.)

## II. APPLICABLE LAW

### A. Exhaustion and Procedural Default

Federal courts may not grant a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement is "grounded in principles of comity" as it gives the States "the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

A claim is exhausted if (1) the petitioner has fairly presented the federal claim to the highest state court with jurisdiction to consider it or (2) no state remedy remains available for the claim. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). The latter form of exhaustion is described as "technical exhaustion" through procedural default. *See Coleman*, 501 U.S. at 732; *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007); *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In Arizona, Rule 32 of the Arizona Rules of Criminal Procedure provides that a petitioner is procedurally barred from relief on any constitutional claim that could have been raised on appeal or in a prior PCR petition. Ariz. R. Crim. P. 32.1(a); 32.2(a)(3). A petitioner generally may not return to state court to

1 exhaust a claim unless it falls within the category of claims for which a successive PCR petition is permitted. *See* Ariz. R. Crim. P. 32.1(b)–(h), 32.2(a) & (b). The Ninth Circuit has held that "Arizona Rule of Criminal Procedure 32.2(a)(3) is independent of federal law and has been regularly and consistently applied, so it is adequate to bar federal review of a claim." *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012)

In *Coleman*, the Supreme Court held that a state prisoner who fails to comply with state-law procedural requirements in presenting his claims is barred by the adequate and independent state ground doctrine from obtaining a writ of habeas corpus in federal court. *Coleman*, 501 U.S. at 731–32; *see Dickens v. Ryan*, 740 F.3d 1302, 1317 (9th Cir. 2014) ("An unexhausted claim will be procedurally defaulted, if state procedural rules would now bar the petitioner from bringing the claim in state court.").

A default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" or if the petitioner demonstrates cause for the default and prejudice resulting from it. *Murray v. Carrier*, 477 U.S. 478, 496 (1986). To demonstrate cause, the petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488. To establish prejudice, a petitioner "must show not merely a substantial federal claim, such that 'the errors . . . at trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'" *Shinn v. Ramirez*, 596 U.S. 366, 379–80 (2022) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

In *Martinez v. Ryan*, the Supreme Court held for the first time that ineffective assistance of PCR counsel may serve as cause to excuse the default of a claim of ineffective assistance of trial counsel. 566 U.S. 1, 17 (2012); *see also Trevino v. Thaler,* 569 U.S. 413, 423 (2013). After the decision in *Martinez*, the Ninth Circuit held that federal habeas courts could hear new evidence to determine whether a defaulted claim of ineffective assistance of trial counsel was substantial. *Dickens*, 740 F.3d at 1321.

Subsequently, however, in *Ramirez*, the Court held that in adjudicating a *Martinez* claim, "a federal habeas court may not conduct an evidentiary hearing or otherwise consider evidence beyond the state-court record based on ineffective assistance of state postconviction counsel" unless the petitioner satisfies the "stringent requirements" of 28 U.S.C. § 2254(e)(2). 596 U.S. at 382. Section 2254(e)(2) applies only when there has been "a failure to develop the factual basis of a claim" due to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Id.* at 383 (quoting *Williams (Michael) v. Taylor*, 529 U.S. 420, 432 (2000)). A petitioner bears "'responsibility' for all attorney errors during [PCR] proceedings," including "counsel's negligent failure to develop the state postconviction record." *Id.* (quoting *Williams (Michael)*, 529 U.S. at 432). In such a case, a federal court may order an evidentiary hearing or otherwise expand the state-court record only if the prisoner can satisfy § 2254(e)(2).[1] *Id.*

### B.   Stay and Abeyance

A district court is authorized to stay a petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing the right to federal habeas review pursuant to the relevant one-year statute of limitations. *Rhines*, 544 U.S. at 273–77. Under *Rhines*, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The *Rhines* "good cause" standard does not require "extraordinary circumstances." *Id.* at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). However, courts

---

[1] Under § 2254(e)(2), if the petitioner has "failed to develop the factual basis of a claim in State court proceedings," a district court cannot hold an evidentiary hearing on the claim unless "(1) the claim relies on either a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review or a factual predicate that could not have been previously discovered through due diligence and (2) the facts underlying the claim would establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty."

"must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.'" *Id.* (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Id.* (citing *Rhines*, 544 U.S. at 276–77).

*Rhines* applies only to mixed petitions—those containing both exhausted and unexhausted claims. *See King v. Ryan*, 564 F.3d 1133, 1139–40 (9th Cir. 2009). A *Rhines* stay would be inappropriate if the claims for which a petitioner seeks a stay are technically exhausted through procedural default. *See e.g.*, *Armstrong v. Ryan*, No. CV-15-00358-TUC-RM, 2017 WL 1152820 (D. Ariz. March 28, 2017); *White v. Ryan*, No. CV-09-2167PHX-FJM-LOA, 2010 WL 1416054, *12 (D. Ariz. March 16, 2010) ("Because the Petition in this case contains claims that are either actually or technically exhausted, it is not a mixed Petition and *Rhines* does not apply.").

### III. DISCUSSION

Under *Rhines*, the Court must determine if Nordstrom's petition is mixed. At issue are Claim 29, alleging ineffective assistance of counsel, and a new claim alleging a violation of Nordstrom's due process right to a parole ineligibility instruction under *Simmons*, 512 U.S. at 156.

#### A. Claim 29

In his habeas petition, Nordstrom alleged that trial counsel performed ineffectively by failing to "investigate and present evidence concerning David Nordstrom's motive to lie." (Doc. 66 at 256.) He argued, citing an evaluation of his childhood prepared by a psychologist for these habeas proceedings (Doc. 66-4), that "the family dynamic," including the lack of a kinship bond between the brothers and David's jealousy of Nordstrom, "provided plenty of motive for David to lie against his brother." (Doc. 66 at 260.) According to Nordstrom, such evidence was necessary to counter the prosecutor's

1  argument that David had no motive to testify against his brother other than to tell the truth.
2  (*Id.* at 256, 261.)

3      Respondents argue that this claim is technically exhausted and therefore Nordstrom
4  is not entitled to a stay so that he can raise the claim in state court. (Doc. 94 at 6.) The
5  Court agrees.

6      As noted above, in Arizona a petitioner is precluded from relief on any claim that
7  could have been raised on appeal or in a prior PCR petition pursuant to Rule 32.2(a)(3).
8  Only if a claim falls within certain exceptions, including newly discovered evidence and
9  actual innocence, and the petitioner can justify his omission of the claim from a prior
10 petition, may the preclusive effect of Rule 32.2(a) be avoided. *See* Ariz. Rule Crim. Proc.
11 32.1(b)–(h), 32.2(b). Additionally, as relevant here, if different ineffective assistance
12 allegations are raised in successive petitions, the claim in the later petition will be precluded
13 without a review of the constitutional magnitude of the claim. *See Stewart v. Smith*, 46 P.3d
14 1067, 1071 (Ariz. 2002) ("The ground of ineffective assistance of counsel cannot be raised
15 repeatedly."); *State v. Spreitz*, 39 P.3d 525, 526 (Ariz. 2002) ("Our basic rule is that where
16 ineffective assistance of counsel claims are raised, or could have been raised, in a Rule 32
17 post-conviction relief proceeding, subsequent claims of ineffective assistance will be
18 deemed waived and precluded.") (emphasis omitted).

19     During his PCR proceedings, Nordstrom raised several other claims of ineffective
20 assistance of counsel. (*See* Doc. 72-5, Ex. O.) Therefore, successive claims of ineffective
21 assistance, such as Claim 29, are necessarily precluded. *See Armstrong v. Ryan*, No. CV-
22 15-00358-TUC-RM, 2017 WL 1152820, at *6 (D. Ariz. Mar. 28, 2017) ("Because
23 Petitioner would not be able to exhaust Claim 1(A) in a successive state petition for post-
24 conviction relief, Petitioner's IAC claim is 'technically' exhausted, and a *Rhines* stay
25 would be inappropriate."); *see also Lopez v. Schriro*, No. CV-98-0072-PHX-SMM, 2008
26 WL 2783282, at *9 (D. Ariz. July 15, 2008) ("[I]f additional ineffectiveness allegations are
27 raised in a successive petition, the claims in the later petition necessarily will be
28 precluded."); *Ellison v. Thornell*, No. CV-16-08303-PCT-DWL, 2023 WL 4847599, at *6

(D. Ariz. July 28, 2023); *Bearup v. Shinn*, No. CV-16-03357-PHX-SPL, 2023 WL 1069686, at *4 (D. Ariz. Jan. 27, 2023).

Nordstrom argues that Respondents are judicially estopped from arguing technical exhaustion and that the claim is not technically exhausted. (Doc. 91 at 12–16.) According to Nordstrom, the Solicitor General, during his oral argument in *Ramirez*, stated that habeas petitioners could seeks stays under *Rhines* to present new facts supporting their claims in state court. (Doc. 91 at 10.) Nordstrom also contends that "it is not clear that the claim would be denied outright by the state court." (*Id.* at 14.) In support of this proposition he cites *Pandeli v. Shinn*, No. 17-cv-01657, 2022 WL 16855196, at *5–6 (D. Ariz. Nov. 10, 2022), *reconsideration denied*, No. CV-17-01657-PHX-JJT, 2023 WL 120960 (D. Ariz. Jan. 6, 2023).

Nordstrom's arguments are unpersuasive. "*Ramirez* did not concern a *Rhines* stay and does not bear on the issue here." *Shanklin v. Raybon*, No. 6:20-CV-2020-LSC, 2023 WL 2356037, at *4 (N.D. Ala. Mar. 3, 2023); *Ellison*, 2023 WL 4847599, at *6 ("*Ramirez* had no effect on state post-conviction proceedings or preclusion rules, nor did it render any of Ellison's claims unexhausted rather than technically exhausted."); *Shockley v. Crews*, No. 4:19-CV-02520-SRC, 2023 WL 8433163, at *4 (E.D. Mo. Dec. 5, 2023) ("[T]he change in law wrought by [*Ramirez*] did nothing to change whether Shockley's claims were exhausted."). *Ramirez* addressed only the issue of "whether the equitable rule announced in *Martinez* permits a federal court to dispense with § 2254(e)(2)'s narrow limits because a prisoner's state postconviction counsel negligently failed to develop the state-court record." 596 U.S. at 371. The Court held that it does not. *Id.* at 381.

Nordstrom cites the Court's statement in *Ramirez* that "when a claim is unexhausted, the prisoner might have an opportunity to return to state court to adjudicate the claim." *Id.* at 379. "But the Supreme Court's general observations that exhaustion requires an initial review in state court and that a petitioner 'might' have the option of returning to state court and exhausting a *Strickland* claim on the merits fall far short of

- 7 -

establishing [petitioner] has access to a second substantive review in [state court]." *Shanklin*, 2023 WL 2356037, at *4.

Citing *Pandeli*, Nordstrom argues that after *Ramirez* petitioners are "entitled to ask the state court to reconsider its prior decisions." (Doc. 91 at 15.) The Court disagrees. "The opportunity to reconsider state court precedent . . . is not in itself enough to grant a *Rhines* stay." *Sandoval Mendoza v. Lumpkin*, 81 F.4th 461, 482 (5th Cir. 2023). The Court further notes that in *Pandeli*, Respondents agreed that the petition was mixed, paving the way for a *Rhines* analysis. 2022 WL 16855196, at *3. Here Respondents argue, correctly, that the petition is not mixed, containing no unexhausted claims.

For the reasons stated above, Claim 29 is technically exhausted through procedural default.

**B.     *Simmons/Cruz* claim**

Nordstrom states that when he returns to state court he intends to raise a claim that his rights under *Simmons* were violated at his resentencing. (Doc. 91 at 16.)

In *Simmons*, the Supreme Court held that a capital defendant is entitled under due process to a parole ineligibility instruction if the only sentencing possibilities are death and life without the possibility of parole and the prosecution has made his future dangerousness an issue. 512 U.S. at 156. In 2008, the Arizona Supreme Court held that *Simmons* did not apply in Arizona because state law did not prohibit capital defendants from receiving a release-eligible sentence. *State v. Cruz*, 181 P.3d 196, 2077 (Ariz. 2008) In 2016, the United States Supreme Court held that *Simmons* did in fact apply in Arizona. *Lynch v. Arizona*, 578 U.S. 613 (2016). The defendant in *Cruz* then filed a successive PCR petition alleging a *Simmons* error and asserting that *Lynch* was a significant change in the law under Ariz. R. Crim. P. 32.1(g). *State v. Lynch*, 487 P.3d 991, 995 (Ariz. 2021). The Arizona Supreme Court concluded that *Lynch* did not represent a significant change in the law and affirmed the PCR court's denial of relief. *Id.* On February 22, 2023, the Supreme Court issued its opinion in *Cruz*, rejecting the Arizona Supreme Court's holding that *Lynch* was not a significant change in the law under Rule 32.1(g). *Cruz*, 598 U.S. at 27–28.

At Nordstrom's resentencing in 2009, defense counsel did not request, and the court did not provide, a parole ineligibility instruction. During his PCR proceedings and in his amended habeas petition, Nordstrom alleged that trial counsel performed ineffectively in failing to request the instruction. (*See* Doc. 66 at 208.) He did not, however, raise a claim that his due process rights under *Simmons* were violated by the lack of a parole ineligibility instruction.

Nordstrom argues that good cause exists for his failure to exhaust a *Simmons* claim because it was only after the decision in *Cruz* that a remedy became available in state court. He cites several cases in which district courts have granted *Rhines* stays allowing petitioners to return to state court to exhaust *Simmons* claims. (Doc. 91 at 20.) In each of those cases, however, the petitioner seeking a stay had raised a *Simmons* claim in his habeas petition.[2]

Having failed to include a *Simmons* claim, Nordstrom's amended petition remains exhausted and *Rhines* is inapplicable. *See Patterson v. Thornell*, No. CV-20-02068-PHX-JJT, 2023 WL 3060963, at *3 (D. Ariz. Apr. 24, 2023) ("While Patterson argues that *Cruz* provides a pathway to exhaust a *Simmons* claim in state court, he did not raise such a claim in his habeas petition. Patterson cites no authority for the proposition that the court can issue a stay under *Rhines* to allow a petitioner to exhaust a claim he has not raised."); *see also Shackleford v. Brunsman,* No. 3:10cv357, 2011 WL 665600, at *3 (S.D. Ohio, Feb.11, 2011) ("Shackleford's Motion For Stay, moreover, seeks to litigate not only an unexhausted claim but one not raised in his petition. In this circumstance, the stay and abey procedure outlined in *Rhines* does not apply."); *Myers v. Haviland*, No. 3:16 CV 659, 2017 WL 4837479, at *4 (N.D. Ohio Oct. 26, 2017) ("[T]his court has denied motions for stay and abeyance when the petitioner seeks a stay in order to exhaust a new claim that is not raised in his habeas petition" because such petitions are not "mixed" under *Rhines*).

---

[2] In two of the cases, the stay was unopposed. *See Cropper v. Thornell*, No. 2:19-cv-05618, Doc. 93 (D. Ariz. May 24, 2023); *Reeves v. Thornell*, No. 21-cv-01183, Doc. 52 (D. Ariz. March 10, 2023).

## IV.  CONCLUSION

Nordstrom's petition contains no unexhausted claims. It is not mixed, so *Rhines* is inapplicable and he is not entitled to a stay.

Accordingly,

**IT IS ORDERED denying** Nordstrom's motion for a stay. (Doc. 91.)

Dated this 20th day of December, 2023.

_____
Honorable Raner C. Collins
Senior United States District Judge