**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Douglas Nordstrom,<br><br>　　　　Petitioner,<br><br>v.<br><br>Ryan Thornell, et al.,<br><br>　　　　Respondents. | No. CV-20-00248-TUC-RCC<br><br>**ORDER**<br><br><u>DEATH PENALTY CASE</u> |

　　　　Before the Court is Respondents' Motion to Strike Petitioner's Notice of Filing of Additional Portions to the State Court Record as Exhibits and accompanying documents. (Doc. 158.) Petitioner opposes the motion. (Doc. 166.)

　　　　Citing his obligation to "create and preserve the record for any subsequent appellate proceedings in the Ninth Circuit," (Doc. 128 at 3), Petitioner moved the Court to order Respondents to supplement the district court record with the transcripts of his trial and re-sentencing proceedings and all pleadings, motions, orders, decisions, exhibits, documents, and papers produced and made part of the state court record during his trial, re-sentencing proceedings, and post-conviction proceedings. (*Id.* at 2) (citing Fed. R. App. P. 10(a) and 9th Cir. R. 10-2). Noting that the historical practice in this District—reviewing a certified copy of the state court record without incorporating it into the federal docket—has proven to be an adequate procedure for addressing Petitioner's concerns, and that the state court record had been transmitted to the District Court, the Court denied his request. (*See* Doc. 132.)

Subsequently, Petitioner filed a Notice of Filing of Additional Portions of the State Court Record as Exhibits and additional attachments, which, according to Respondents, is composed of nearly 18,000 pages of material. (*See* Docs. 133–157, 159–65; *see also* Doc. 167 at 2). A cursory review of the index and attached documents suggests they comprise the entire state court record, which was previously transmitted to this Court (*see* Doc. 43) and supplemented by additional documents attached to Respondents' Answer (*see* Docs. 72-1 to 72-5).

Petitioner argues the material he has filed, which he concedes are "portions of the state court record," are "[c]onsistent with" the Court's case management order, which "encourages the parties to file any additional parts of the state court record that the parties believe are relevant to resolving allegations in the Petition, Answer, Reply, or any motion for evidentiary development." (Doc. 5 at 6.) As Respondents correctly assert, however, the submissions are redundant to the record already before the Court; thus, they are not authorized by the Court's order. *See* LRCiv. 7.2(m)(1) (permitting motion to strike any part of a filing or submission on the ground that it is not authorized by statute, rule, or court order). It also appears that the Petitioner may not have complied with the privacy protection for filings made with the Court, under Federal Rule of Civil Procedure 5.2(a). (*See*, *e.g.*, Doc. 134, Ex. B-2.) Accordingly, the Court will grant Respondents' motion to strike the exhibits filed in Docs. 133–57 and 159–65.

However, because the electronic filings may be beneficial to the courts, and because Respondents point to no prejudice from the filing aside from the "cluttering [of] this Court's docket," the Court will permit Petitioner to refile the state court record, but Petitioner is hereby placed on notice that any future filings shall comply with any applicable privacy provisions or risk being struck without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that Respondents' Motion to Strike the exhibits contained in Docket entries 133 to 157, and 159 to 165 (Doc. 158) is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner is permitted to refile the state court

record if he complies with the applicable privacy provisions.

Dated this 6th day of August, 2025.

_____
Honorable Raner C. Collins
Senior United States District Judge