WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Scott Douglas Nordstrom,<br>              Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>             Respondents. | No. CV-20-248-TUC-RCC<br><br>DEATH-PENALTY CASE<br><br>**ORDER** |

Before the Court is Respondents' Motion to Strike Petitioner's Notice of Supplemental Authority. (Doc. 169.) Petitioner Scott Nordstrom, a state prisoner under sentence of death, opposes the motion. (Doc. 170.)

On July 9, 2025, Petitioner filed a notice of supplemental authority relevant to his pending habeas petition following the United States Supreme Court's decisions in *Glossip v. Oklahoma*, 145 S. Ct. 612 (2025), and *Andrew v. White*, 145 S. Ct. 75 (2025), and the Arizona Supreme Court's decision in *State v. Anderson*, 547 P.3d 345 (Ariz. 2024). (Doc. 168.) Nordstrom summarized the holding of each case, identified the claims and arguments to which the cited authority was relevant, and, as is pertinent to this motion, argued the application of the supplemental authority to the facts of his habeas claims. (*See e.g.*, Doc. 168 at 2–3) (arguing the evidence Nordstrom would have presented to the jury was material under the *Glossip* standard for consideration of cumulative evidence).

Local Rule 7.2(m) provides that a "motion to strike may be filed only . . . if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). There is no local rule or

Federal Rule of Civil Procedure governing a Notice of Supplemental Authority. Respondents argue that the Notice is improper, however, because it contains extensive argument not authorized by the Court. The Court agrees. The notice is six pages long and contains argument that is not appropriate outside the briefing process set by the Court. A notice of supplemental authority properly contains only citation to and a brief description of a new case, and notice of the claims or arguments to which it is relevant. *See e.g.*, *Myers v. Freed*, No. CV-19-05683-PHX-SMB, 2020 WL 6048327, at *1 (D. Ariz. Oct. 13, 2020) (striking as improper a Notice of Supplemental Authority that contained no new judicial opinion for the court to consider but included factual assertions outside the pleadings) *aff'd,* No. 20-17120, 857 F. App'x 319 (2021) (mem.).

Because portions of the Notice are appropriate, the Court will deny the motion to strike but will disregard it to the extent it contains improper argument. *See e.g., B Street Grill & Bar LLC v. Cincinnati Ins. Co.*, 525 F. Supp. 3d 1008, 1013 (D. Ariz. 2021) (striking as improper both parties' notices of supplemental authority but agreeing to consider the cited cases). If Petitioner files improper notices in the future, the Court will consider striking them.

Accordingly,

**IT IS ORDERED** that Respondents' Motion to Strike is **DENIED**. (Doc. 169.)

Dated this 3rd day of October, 2025.

Honorable Raner C. Collins
Senior United States District Judge